Dear Mr. Durbin:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the Fire Protection District No. 4 of Livingston Parish (District). You state that on July 20, 1996, a general election was held, pursuant to R.S. 40:1502.1(A)(2) to establish a service charge of $32 dollars per annum for each residential and commercial structure located within the boundaries of the District. The Proposition voted upon and passed by the electorate reads as follows:
 FIRE PROTECTION DISTRICT NO. 4 PROPOSITION SERVICE CHARGE SUMMARY: A 10-YEAR SERVICE CHARGE OF UP TO $32.00 PER STRUCTURE FOR FIRE PROTECTION SERVICES.
 STATEMENT OF PROPOSITION: Shall the Livingston Parish Fire Protection District No. 4. State of Louisiana (the "District"), be authorized to collect a service charge in an amount not to exceed $32.00 per annum for each residential or commercial structure for a term not to exceed ten years, commencing January 1, 1997, to be assessed on persons owning each such structure, whether occupied or unoccupied, located wholly or partly within the boundaries of the District? (Emphasis added.)
You further state that, while the term "structure" is not defined in the Proposition, itself, it is defined in Section 1502.1(A)(2). It provides, in pertinent part, as follows:
 (2) For purposes of this Section, each residential or commercial unit in a structure shall be considered a separate structure, and a mobile home, as defined in R.S. 9:1149.2(3), shall be considered a structure. Such service charges or rates of service charges shall be equal for all structures of a given class and shall be framed so as to cover and shall be used for the cost of any and all fire protection services.
You specifically ask whether the service charge should be levied on all structures within the District, as that term is defined in Section 1502.1(A)(2).
We find Louisiana Civil Code Art. 10 and R.S. 1:3 to be relevant to the resolution of this issue. They provide as follows:
 Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
Webster's Third New International Dictionary defines the term "structure" as "something constructed or built; a building of imposing size; something made up of more or less interdependent elements or parts;".
Black's Law Dictionary, Revised Fourth Addition defines "structure" to mean "any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind".
As can be gleaned from the above, the term "structure" is quite broad and can be construed to parallel the definition contained in R.S. 40:1502(A)(2).
As previously noted, while not defined in the Proposition, itself, the term "structure" is defined by the same law that authorizes the imposition of the fee. We are of the opinion that "structure" should be considered a technical term, pursuant to Art. 11 and R.S. 1:3. Accordingly, the definition contained in Section 1502(A)(2) should be used to determine its meaning for purposes of the applicability of the fee in the Proposition. In accord is Attorney General Opinion No. 98-94.
In summary, it is the opinion of this office that the service fee voted upon and approved by the electorate of Fire Protection District No. 4 of Livingston Parish should be assessed against each residential and commercial structure, as that term is defined in R.S. 40:1502(A)(2).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj